UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY WALKER,

    Plaintiff,

v.

JUST ENERGY TEXAS, L.P.,

    Defendant.

Case No. 3:20-cv-01735

## COMPLAINT

**NOW COMES** Plaintiff, MARY WALKER, through undersigned counsel, complaining of Defendant, JUST ENERGY TEXAS, L.P., as follows:

### NATURE OF THE ACTION

1.    This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5.    MARY WALKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Dallas, Texas.

6.    Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

8.      JUST ENERGY TEXAS, L.P. ("Defendant") is a limited partnership organized and existing under the laws of the state of Texas.

9.      Defendant has its principal place of business at 6345 Dixie Road, Suite 400, Mississauga, Ontario Canada-L5T2E.

10.      Defendant has its registered agent at 211 East 7th Street, Suite 260, Austin, Texas 78701.

11.      Defendant regularly transacts business in the state of Texas.

12.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13.      Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8949.

15.      At all times relevant, Plaintiff's number ending in 8949 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.      At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17.      Last year, Plaintiff subscribed to Defendant's energy services.

18.      This past February, however, disenchanted by rising prices, Plaintiff decided to switch energy service providers.

19.      Plaintiff's new service provider had enticed Plaintiff's change by agreeing to pay the last bill.

20.      Plaintiff's last bill, however, went unpaid.

2

21.     Before long, Defendant started placing phone calls to Plaintiff's cellular telephone seeking payment on Plaintiff's unpaid balance.

22.     On several instances, Plaintiff answered and explained that her new service provider will make Plaintiff's last payment; and requested Defendant cease the calls.

23.     Each time Plaintiff answered Defendant's phone calls, Plaintiff was met by an approximate three-second pause prior to being connected to an agent.

24.     Despite Plaintiff's multiple request(s) that Defendant's collection calls cease, Plaintiff continues to receive phone calls from numbers leading back to Defendant – including (817) 886-0241.

25.     In total, Defendant placed no less than 40 to 45 intrusive collection calls to Plaintiff despite Plaintiff's multiple requests that these phone calls stop.

26.     Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

**DAMAGES**

27.     Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

28.     Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge

3

Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29.      Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

30.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.      Defendants placed or caused to be placed no less than 40-45 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32.      Upon information and belief, based on the three-second pause Plaintiff experienced upon answering Defendant's collection phone calls, Defendant employed an ATDS to place calls to Plaintiff.

33.      Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

34.      Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35.      As pled above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone on multiple occasion to no avail.

4

36.      As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

37.      Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

38.      Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

39.      Upon information and belief, Defendant knew that its collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

40.      As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

41.      As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

42.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

43.      Subsection 392.302(4) of the Texas Finance Code provides:

5

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4)     causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

44.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that these phone calls stop.

45.     Defendant's incessant phone calls were made with the intent to harass Plaintiff.

46.     Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)     A person may sue for:

> (1)     injunctive relief to prevent or restrain a violation of this chapter; and

> (2)     actual damages sustained as a result of a violation of this chapter.

(b)     A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.     an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.     an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.     an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable of right.

DATED: June 30, 2020                          Respectfully submitted,

                                              **MARY J. WALKER**

                                              By: */s/ Joseph S. Davidson*

                                              Mohammed O. Badwan
                                              Joseph S. Davidson
                                              SULAIMAN LAW GROUP, LTD.
                                              2500 South Highland Avenue
                                              Suite 200
                                              Lombard, Illinois 60148
                                              +1 630-575-8181
                                              mbadwan@sulaimanlaw.com
                                              jdavidson@sulaimanlaw.com